**Modified and Affirmed and Opinion Filed July 29, 2022**

# S

**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-20-00950-CR

**MICHAEL VILLASANA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-80223-2020**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Nowell

A jury convicted Michael Villasana of aggravated assault with a deadly weapon against a public servant, and the trial court sentenced him to forty years' confinement. In four issues, appellant argues the trial court erred by denying his motion for continuance and overruling his request to disqualify the jury panel after voir dire, the evidence is insufficient to support his conviction, and the judgment does not accurately reflect the trial court's findings. We modify the trial court's judgment and affirm as modified.

### A. Motion for Continuance

In his first issue, appellant argues the trial court's denial of his motion for continuance was an abuse of discretion and violated his Sixth Amendment right to counsel by imposing state-created barriers. Those barriers were the face masks and face shields worn by the venire during voir dire. Appellant argues these barriers are the "various kinds of state interference with counsel's assistance" that can warrant a presumption of prejudice. *See Smith v. Robbins*, 528 U.S. 259, 287 (2000). Therefore, appellant asserts, he is not required to show he was harmed by the trial court's denial of his motion for continuance. We disagree.

In the cases that appellant cites to support his Sixth Amendment argument, the Supreme Court of the United States or the Texas Court of Criminal Appeals considered issues related to ineffective assistance of counsel or denial of access to counsel. *See id.*; *see also Perry v. Leeke*, 488 U.S. 272 (1989), *U.S. v. Cronic*, 466 U.S. 648 (1984), *Cannon v. State*, 252 S.W.3d 342 (Tex. Crim. App. 2008). These cases are inapposite. Appellant does not assert his counsel was ineffective and, on the contrary, the record shows appellant's counsel provided vigorous representation for him at trial; there also is no indication that appellant was precluded from consulting with his counsel at any time. The record does not support appellant's contention that he was denied his Sixth Amendment right to counsel. Accordingly, we will apply the ordinary standard for reviewing the denial of a motion for continuance.

We review the denial of a motion for continuance for an abuse of discretion, giving a wide degree of deference to the trial court. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). An appellant claiming the erroneous denial of a motion for continuance must show that (1) the trial court erred by denying the motion for continuance, and (2) such denial harmed him in some tangible way. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). To demonstrate the ruling was in error "most likely requires a showing that the case for delay was so convincing that no reasonable trial judge could conclude that scheduling and other considerations as well as fairness to the State outweighed the defendant's interest in delay of the trial." *Id*. (internal citation omitted). To show harm, the defendant must demonstrate "with considerable specificity" how he was harmed. *Id*.

Appellant filed a pre-trial motion for a continuance on the ground that the COVID-19 pandemic impeded his ability to receive a fair trial in October 2020. The trial court considered the motion during a pre-trial hearing. Appellant's counsel initially stated his "biggest concern" was about voir dire during which time he tries "to get the jurors to do crosstalk." The judge informed the parties that jury selection would occur in the central jury room with the chairs spaced to be socially distanced. She stated the venire would be wearing face shields and each person would have a microphone "so they would still be able to talk to each other and talk to you." Lawyers would be able to move about the room to talk to each venire member as desired. Counsel next expressed concerns about obtaining a representative jury pool.

The judge responded: "we've brought in two different jury pools to select a grand jury and have not seen any issues or any of the problems that I'm hearing being raised." The judge informed the parties that "we have not seen a decrease in the numbers of responses . . . that we get. It was pretty much almost identical percentage of responses that we had pre-COVID as we had during COVID." Finally, appellant's counsel asked which types of face coverings the potential jurors would be wearing, and the judge stated the jurors would be wearing face shields and could wear masks when not being addressed. She said there would be an instruction by the Court that the venire members need to be seen.

Appellant argues voir dire was conducted differently than the judge informed the parties it would be during the pre-trial conference with respect to the venire members wearing masks. Appellant then concludes those changes "clearly affected trial counsel's performance." Appellant's brief neither shows that his "case for delay was so convincing that no reasonable trial judge could conclude that scheduling and other considerations as well as fairness to the State outweighed the defendant's interest in delay of the trial" nor does it demonstrate "with considerable specificity" how he was harmed. *Id.* We overrule appellant's first issue.

### B.    Disqualification of Jury Panel

In his second issue, appellant argues the trial court erred by overruling his request to disqualify the jury panel after voir dire, which violated his Fourteenth Amendment right to due process and Sixth Amendment right to a fair trial before

an impartial and competent jury. The State responds that appellant failed to raise this argument in the trial court. We agree with the State.

Appellant's argument on appeal does not comport with his argument at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) ("The point of error on appeal must comport with the objection made at trial."). At trial, appellant's counsel argued he had limited information upon which to make preemptory challenges because he could not see the venire members' facial expressions and, therefore, the entire panel was disqualified. Appellant did not raise any constitutional objections at trial. Because appellant's objection at trial does not comport with his argument on appeal, we conclude he has forfeited his complaint. *See id.* ("if a party fails to properly object to constitutional errors at trial, these errors can be forfeited"). We overrule appellant's second issue.

### C.  Sufficiency of the Evidence

In his third issue, appellant asserts the evidence is insufficient to support his conviction. When reviewing the sufficiency of the evidence to support a conviction, we consider the evidence in the light most favorable to the verdict. *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021). The verdict will be upheld if any rational trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Edward*, 635 S.W.3d at 655. "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence,

and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. The jury is the sole judge of the weight and credibility of the evidence. *Edward*, 635 S.W.3d at 655. When considering a claim of evidentiary insufficiency, we must keep in mind that a juror may choose to believe or disbelieve all, some, or none of the evidence presented. *Id.* Further, while jurors may not base their decision on mere speculation or unsupported inferences, they may draw reasonable inferences from the evidence. *Id.*

"Ordinarily, to sustain a conviction for aggravated assault of a public servant the evidence must demonstrate that:" (1) "the person intentionally or knowingly threatened another with imminent bodily injury," (2) "the person used or exhibited a deadly weapon during the commission of the assault, and" (3) "the offense was committed against a person the actor knew was a public servant while the public servant was lawfully discharging an official duty." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *see also* TEX. PENAL CODE ANN. § 22.01(a)(2), 22.02(a)(2), (b)(2)(B).

Three uniformed officers from the McKinney Police Department were dispatched to a house in response to a domestic violence call. When they arrived, a woman was outside the house and they believed a man, appellant, was inside. The officers wanted appellant to come outside. Officer Asher Richardson knocked on the front door and announced himself while the other two officers spoke to the woman and her mother.

Two individuals unrelated to the incident approached the property. Richardson recognized one of them as Carlos Hernandez, who was generally known to McKinney police officers. Officers told the men to leave multiple times, but they did not.

Appellant came out of the house about fifteen minutes after the officers arrived. Appellant was screaming and yelling; he was acting "very aggressive, very amped up." After yelling at the officers and the men in the street for a few minutes, appellant went back into the house.

Richardson testified that when appellant came out of the house a second time, he was holding a folding knife, which Richardson described as a deadly weapon; the blade was locked out. Appellant continued acting aggressively, was screaming at the officers and Carlos, and was waiving the knife around. Richardson testified that appellant "[came] in close, pointing the knife and saying, you know, I'll kill you, I'll kill you, the police, and Carlos, and basically anybody standing in front of him that he could mention, he said he'd kill." The officers continually instructed appellant to drop the knife while appellant was outside of the house. Instead, appellant "flipped it around blade side and kind of lobbed it in the direction of [the] officers and Carlos. It landed a few feet away from me in the driveway on the other side of the street." Appellant then picked up a child's bike and appeared as though he wanted to throw the bike; the bike was too heavy for appellant to throw.

Officer Candice King testified that although she instructed appellant to drop the knife, he instead held it and made slashing gestures; he "said he's going to cut us and proceeds to pretend to slit his throat and slit his torso." He also said "I'm going to kill you," called her a "bitch," and used a racial slur. King was the only African American and the only woman at the scene.

An officer deployed a beanbag shotgun, and appellant was subdued and handcuffed. The jury was shown footage from Richardson's and King's body cameras. They also saw the knife appellant was holding.

Appellant was indicted for aggravated assault of a public servant, namely Officer King. The evidence shows King was wearing her police uniform at the house, and appellant specifically threatened to kill her and made gestures indicating he would cut her throat or torso while he was holding a knife, which he later threw at the officers. Viewing this evidence in the light most favorable to the verdict, we conclude any rational trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt. Accordingly, we conclude the evidence is sufficient. We overrule appellant's third issue.

### D. Modification of the Judgment

In his fourth issue, appellant argues the judgment incorrectly shows the jury assessed his punishment, he pleaded not true to two enhancement paragraphs, and the trial court found two enhancement paragraphs to be true. The State agrees the judgment is erroneous in these respects and should be modified.

An appellate court may modify a trial court's judgment and affirm it as modified. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.— Dallas 1991, writ ref'd). If a clerical error in the trial court's judgment is brought to our attention, we have a "mandatory duty" to correct it. *Id.*

We modify the judgment to reflect the punishment was assessed by the trial court, appellant did not enter pleas to the first or second enhancement paragraphs, and the trial court did not make any findings on the first or second enhancement paragraphs.

### E.    Conclusion

We modify the trial court's judgment and affirm as modified.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

200950f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

# S

# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL VILLASANA, Appellant

No. 05-20-00950-CR            V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-80223-2020.
Opinion delivered by Justice Nowell. Justices Partida-Kipness and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that (1) punishment was assessed by the trial court; (2) the plea to each enhancement paragraph was "none"; (3) and the finding on each enhancement paragraph was "none."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 29th day of July, 2022.